IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00974-KDB-DCK

| | |
|---|---|
| GARLAND MITCHELL EL AND ISRAEL MITCHELL EL, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF CHARLOTTE AND CHARLOTTE MECKLENBURG POLICE DEPARTMENT, <br><br>Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiffs' Application to Proceed In Forma Pauperis (Doc. No. 2). For the reasons discussed below, the Court will GRANT the Motion for the limited purpose of conducting an initial review but DISMISS Plaintiff's Complaint without prejudice after conducting that review.

**I.    Plaintiffs' Motion to Proceed IFP**

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that [s]he is unable to pay the costs of a lawsuit." *Id*. In the IFP motion, the adult Plaintiff Garland Mitchell El lists expenses that exceed the income received from disability and public

1

assistance. *See* Doc. No. 2. Based on these representations, the Court will conditionally grant the motion and permit Plaintiffs to proceed IFP solely for the limited purposes of this initial review.

**II.     Initial Review**

Because Plaintiffs are proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Here, Plaintiffs have sued the City of Charlotte and Charlotte Mecklenburg Police Department because of their alleged failure to "press charges" related to Garland Mitchell's claims that when exchanging custody of his son with India Kirkpatrick he found the child traveling in a car that did not have a proper car seat and had "a strong odor of marijuana." Doc. No. 1 at 6. Also, Plaintiffs complain that a North Carolina state court judge dismissed "a claim against the City of Charlotte for damages" relating to CMPD's failure to protect Plaintiffs from "ongoing threats." *Id*.

The Court finds that Plaintiffs' Complaint fails a frivolity review. None of the Plaintiffs' factual allegations support a viable federal constitutional claim (as is required for claims under 42 U.S.C. § 1983) or any alleged statutory violation of Federal law. Moreover, any claim based on an error in state court proceedings must be pursued, in this context, via a state court appeal. Therefore, this action will be dismissed without prejudice.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiffs' Application to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED;**

2. This action is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 6, 2026

*[signature]*

Kenneth D. Bell
United States District Judge